## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FELIX KARTTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:21-cv-03310 |
| | ) | |
| TREVOR DAVIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' UNOPPOSED MOTION TO SEAL EXHIBITS FILED BY PLAINTIFF

Defendants, Trevor Davis ("Davis"), Counteraction, LLC ("Counteraction"), and ToSomeone, Inc. ("ToSomeone") ("Defendants"), by and through undersigned counsel, moves pursuant to Local Rule 5.1(h) and the Court's inherent authority to manage its docket to seal the exhibits filed by Plaintiff at ECF No. 16 from the public record. Plaintiff's counsel represented that Plaintiff neither consents nor objects to this motion. In support of this motion, Defendants state as follows:

### I.     Background of Motion

On March 10, 2022, Defendants filed their Motion to Partially Dismiss the Second Amended Complaint ("Motion to Dismiss") under Rules 12(b)(1) and 12(b)(6). *See* ECF No. 10. Plaintiff filed an Opposition to the Motion to Dismiss on April 5, 2022. *See* ECF No. 15. With his Opposition, Plaintiff also submitted "Exhibits 1-100" ("Plaintiff's Exhibits") which were filed after the due date for the Opposition. *See* ECF No. 16. In response, Defendants filed a Motion to Exclude the Plaintiff's Exhibits. *See* ECF No. 17.

The Court agreed with Defendants that the Plaintiff's Exhibits should not be considered in adjudicating the Motion to Dismiss. *See* Minute Order dated May 10, 2022 (granting Motion to

Exclude).  Subsequently, the Court ordered the Plaintiff's Exhibits to be stricken.  *See* Minute Order dated May 11, 2022.

Many of the communications in the Plaintiff's Exhibits contain sensitive and confidential information not relevant to this case.  *See, e.g.*, ECF No. 16 at 27 (Ex. 9, detailing settlement of unrelated employment claim by a different employee), 30 (Ex. 10, discussing mental health issue), 63 (Ex. 20, discussing mental health issue), 68 (Ex. 22, discussing company finances and valuation), 76 (Ex. 23, substantial duplicate of Ex. 22), 87 (Ex. 25, discussing incident at Davis's former employment not related to this case), 337 (Ex. 91, discussing mental health issue), 346 (Ex. 93, discussing mental health issue).  Despite being excluded and stricken by the Court, however, the Plaintiff's Exhibits are still available to the public via PACER.  Undersigned counsel contacted the Clerk, who advised that the filing will remain publicly accessible unless sealed by the Court. Accordingly, Defendants file this motion to seal Plaintiff's Exhibits from public access.

## II.  The Court Should Seal Plaintiff's Exhibits Because They are Not "Judicial Records"

Plaintiff's Exhibits do not carry any presumption of public access because they were excluded from consideration by the Court and are therefore not "judicial records."

As this Court has noted, the right of public access to the Court's files is "implicated" only where the record is a "judicial record."  *United States v. Munchel*, No. 1:21-cr-118-RCL, 2021 WL 4709745, at *3 (D.D.C. Oct. 8, 2021).  "'Not all documents filed with courts are judicial records'; rather, 'whether something is a judicial record depends on the role it plays in the adjudicatory process.'"  *Id*. (quoting *Sec. and Exch. Comm'n v. Am. Int'l Group*, 712 F.3d 1, 3 (D.C. Cir. 2013)). A filing is not a judicial record "when it does not eventuate in any official action or decision."  *Sec. and Exch. Comm'n v. Am. Int'l* Group, 712 F.3d 1, 3 (D.C. Cir. 2013).  Here, the Plaintiff's Exhibits played ***no role*** in the adjudicatory process, as the Court rightly recognized that they were not appropriate materials to be considered in assessing Defendants' Motion to Dismiss, and

excluded them from consideration.  The Plaintiff's Exhibits are not judicial records because the

Court properly struck them from the record.  *Accord id.* at 4 ("A judicial decision is a function of

the underlying record . . . and if a document was never part of that record, it cannot have played

any role in the adjudicatory process").

The D.C. Circuit has recognized that "the fact that a sealed document didn't affect a judicial

decision . . . can be the 'most important' element cutting *against* disclosure." *Cable News Network,*

*Inc. v. Fed. Bureau of Investigation*, 984 F.3d 114, 120 (D.C. Cir. 2021); *In re Los Angeles Times*

*Comm. LLC to Unseal Court Records*, 28 F.4th 292, 298 (D.C. Cir. 2022) (placing "great weight"

on whether "a sealed document is considered as part of judicial decisionmaking").  Here, the

Plaintiff's Exhibits played no role in any substantive decision by this Court because they were

explicitly excluded from consideration on the Motion to Dismiss.

Even if Plaintiff's Exhibits were "judicial records" subject to a presumption of public

access, they should nonetheless be sealed.  The Court's discretion in determining whether to seal

documents is "exercised in light of the relevant facts and circumstances of the particular case."

*United States v. Harris*, 204 F. Supp. 3d 10, 16 (D.D.C. 2016). In *United States v Hubbard*, 650

F.2d 293 (D.C. Cir. 1980), the D.C. Circuit set forth six factors that district courts must consider:

> (1) the need for public access to the documents at issue; (2) the extent of previous
> public access to the documents; (3) the fact that someone has objected to disclosure,
> and the identity of that person; (4) the strength of any property and privacy interests
> asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the
> purposes for which the documents were introduced during the judicial proceedings.

*Hubbard*, 650 F.2d at 317-22; *see, e.g., Hardaway*, 843 F.3d at 980; *EEOC v. Nat'l Children's*

*Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996).

Under this standard, the Court should seal Plaintiff's Exhibits. <u>First</u>, as noted above, there

is no public interest in these documents because they are not relevant to any pending or decided

issue before the Court and there is no need for public access to the documents at issue to evaluate

the Court's decision.  Moreover, the disputes implicated by this action are purely private in nature and do not involve any issue of public policy or government function in which the public would have an interest.  It is also notable that the Plaintiff's Exhibits are original source documents, not pleadings or declarations.  This Court has noted that such documents "may be of less value to the public's understanding of the judicial process."  *In re McCormick & Co., Inc. Pepper Products Marketing and Sales Practices Litigation*, 316 F. Supp. 3d 455, 470 (D.D.C. 2018).

Second, Plaintiff's Exhibits predominantly consist of private correspondence between a small handful of parties for which there has been no previous public disclosure.  The only exceptions are a *Politico* article (Ex. 26) and certain Twitter posts (Exs. 52, 57, and 83).  Even in connection with the Twitter posts, however, they were deleted shortly after being posted and therefore public access was only limited.  Moreover, Defendants have acted diligently to seek the removal of the Plaintiff's Exhibits from the docket since they were first, improperly filed by Plaintiff.  *See* ECF No. 18, Minute Orders dated May 10 and 11, 2022.

Third, Defendants have privacy interests in the exhibits.  Many reference sensitive issues of mental health, as well as confidential financial details.  As noted above, the bulk were private correspondence not intended for public disclosure.  Plaintiff has presumably filed them in an attempt to disclose on the Court's public docket documents he views as embarrassing to Defendants.  Defendants face significant reputational and business harm from the disclosure.

Fourth, Defendants are not aware of any party that objects to the sealing of the Plaintiff's Exhibits.

Finally, as noted above, the Plaintiff's Exhibits were not properly filed and did not play any role in the Court's determination of any contested issue, which weighs heavily in favor of sealing.

Overall, the applicable factors weigh in favor of sealing these documents.

## III.   Conclusion

For the reasons set forth above, the Court should (seal Plaintiff's Exhibits from public access.

DATED: May 16, 2022                    Respectfully submitted,


/s/ D. Jack Blum
D. Jack Blum (D.C. Bar No. 1027170)
POLSINELLI PC
1401 I ("Eye") Street, N.W., Suite 800
Washington, DC 2005
202.772.8483 | Telephone
202.783.3535 | Facsimile
jack.blum@polsinelli.com

*Counsel for Defendants*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(m)**

I hereby certify that I discussed the substance of this Motion with Plaintiff's counsel of record prior to filing it and Plaintiff's counsel did not consent but also did not object to the relief sought by the Motion.


/s/ D. Jack Blum
D. Jack Blum, Esq.


## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2022, a copy of the foregoing was served through the Court's CM/ECF system to:

J. Michael King, Esq.
Peter C. Hansen, Esq.
Law Offices of Peter C. Hansen, LLC
1725 I Street, NW, Suite 300
Washington, D.C. 20006


/s/ D. Jack Blum
D. Jack Blum, Esq.